IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROGER EARL COLEY,          )
                           )
         Plaintiff,        )
                           )
     v.                    )       1:18CV525
                           )
ERIC A. HOOKS, et al.,     )
                           )
         Defendant(s).     )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. However, it is not possible to further process the Complaint. The problem is:

1. Plaintiff may no longer proceed *in forma pauperis* in this Court unless he is under imminent danger of serious physical injury. The Act provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff has had over three actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim for relief. Coley v. North Carolina, 707 F. App'x 210 (4th Cir. 2017) (dismissing appeal as frivolous); Coley v. North Carolina, No. 5:17-CT-3109, 2017 WL 6759607 (E.D.N.C. Oct. 13, 2017) (unpublished); Coley v. Honeycutt, No. 1:17CV359 (M.D.N.C. June 12, 2017) (unpublished); Coley v. Rozier, No. 1:17CV240 (M.D.N.C. Apr. 24, 2017) (unpublished). Plaintiff makes no

allegation in the present case that he is in imminent danger of serious physical injury.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

The Court notes that on the complaint form, Plaintiff lists two case numbers from prior cases he filed in this Court. One of them, 1:18CV361, was dismissed for the same reason noted above, and Plaintiff's current filing still does not remedy the defect for which that case was dismissed. The other case, 1:17CV362, was dismissed for failing to obtain service and failing to comply with the Court's orders. Plaintiff's Complaint in the present case now names as a Defendant the Magistrate Judge presiding in those prior cases. However, as noted above, Plaintiff may not proceed *in forma pauperis* in this Court unless he is under imminent danger of serious physical injury.

Plaintiff has also submitted a letter listing several of his prior cases and requesting appointment of counsel to assist him in properly filing his claims. Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "a plaintiff does not have an absolute right to appointment of counsel." Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Instead, appointment of counsel is "a matter within the discretion of the District Court. It is a privilege and not a right." Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968). In considering a request for

2

appointment of counsel, the United States Court of Appeals for the Fourth Circuit has held that a litigant "must show that his case is one with exceptional circumstances." Miller, 814 F.2d at 966 (citing Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975)). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds, Mallard v. United States Dist. Ct. for S.D. of Iowa, 490 U.S. 296 (1989) (holding that Section 1915 does not authorize compulsory appointment of counsel). Specifically, "[i]f it is apparent to the district court that a *pro se* litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978). Here, Plaintiff has not shown a colorable claim or exceptional circumstances that would warrant appointment of counsel. As set out above, Plaintiff may not proceed *in forma pauperis* unless he is under imminent danger of serious physical injury. Therefore, if he re-submits his claims on the proper forms, he must include the full $400.00 filing fee at the time of filing or make the requisite showing of imminent danger of serious physical injury. Complying with that requirement does not require the assistance of counsel. Therefore, the request will be denied.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send

Plaintiff § 1983 forms, instructions, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS FURTHER ORDERED that Plaintiff's Letter Motion [Doc. #4] to appoint counsel is DENIED.

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 25th day of October, 2018.

>  /s/ Joi Elizabeth Peake
> United States Magistrate Judge